# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS KORMYLO, M.D.; KIMBERLY KORMYLO; BRYCE KORMYLO, by and through his guardian ad litem KIMBERLY KORMYLO,<br><br>Plaintiffs,<br><br>v.<br><br>FOREVER RESORTS, LLC dba CALVILLE BAY RESORT & MARINA; KENNETH WILLIAMS, and DOES 1-50,<br><br>Defendants. | Case No.: 3:13-cv-0511-JM (WVG)<br><br>**ORDER GRANTING PLAINTIFFS' EX PARTE MOTION TO CONTINUE THE HEARING DATE FOR LEAVE TO FILE A THIRD-PARTY COMPLAINT** |

On August 2, 2013, Defendant Forever Resorts LLC ("Forever Resorts") filed a motion for leave to file a third-party complaint against Scott Peterson Neeley. After missing their deadline to file an opposition to this motion, Plaintiffs requested relief to file an opposition to the motion for leave to file a third-party complaint on September 5, 2013. The court issued an order permitting Plaintiffs to file an opposition to Defendant's motion for leave by September 6, 2013, and Plaintiffs filed a response to the motion by the new deadline. For the following reasons, the court grants Forever Resorts' motion for leave to file a third-party complaint.

## II. LEGAL STANDARD

Federal Rule Civil Procedure ("Rule") 14 provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). "The decision whether to implead a third party defendant is within the sound discretion of the district court." Southwest Administrators, Inc. V. Rozay's Transfer, 791 F.2d 769, 777 (9th Cir. 1986). Courts consider the following factors when ruling on a motion for leave to file a third-party complaint: (a) prejudice to the original plaintiff; (b) complication of issues at trial; (c) likelihood of trial delay; and (d) timeliness of the motion to implead. See Irwin v. Mascott, 94 F. Supp. 2d 1052, 1056 (N.D. Cal. 2000).

## III. DISCUSSION

Forever Resorts argues that Defendant Kenneth Williams has already filed a third-party complaint against Neeley, who allegedly operated the vehicle that negligently struck Kormylo. See Motion for Leave to File a Third-Party Complaint ("MLTP") at 3. Forever Resorts further contends that "[t]his third-party complaint against Neeley . . . fulfills the fundamental purpose of Rule 14 as it presents 'a possible scenario under which the third party defendant may be liable for some or all of the defendant's liability to plaintiff." MLTP at 4.

Plaintiff counters that the motion for leave to file a third party complaint should be denied for two reasons: "(1) [t]he proposed complaint does not allege derivative liability but rather tries to shift the blame entirely to Neeley; and (2) Forever Resorts cannot state a valid claim against Neeley because its allegations are demonstrably wrong." Opp. MLTP at 1. Plaintiffs argue that "a third-party claim may be asserted only when the third party's liability is in some way

dependent on the outcome of the main claim and the third party's liability is secondary or derivative." United States v. One 1977 Mercedes Benz, 708 F.2d 444, 452 (9th Cir. 1983).  Plaintiff argues that Forever Resorts is "alleging that Neeley is the sole and independent cause of Dr. Kormylo's horrific injuries." Opp. MLTP at 4. As Forever Resorts is attempting to foist all liability on Neeley, Plaintiffs contend that permitting Forever Resorts to file a third-party complaint is not proper under Rule 14.  See, e.g., Stewart v. Am. Int'l Oil & Gas Co., 845 F.2d 196, 199-200 (9th Cir. 1988) (finding that there was no derivative nor secondary liability involved as required by Rule 14); St. Thomas v. Harrisburg Hosp., 108 F.R.D. 2, 4 (M.D. Pa. 1985) (denying defendants' request to join a third-party defendant, but permitting defendants to defend the action by asserting his responsibilities).

Plaintiff also argues that "[a] motion for leave to file a third party complaint should be denied where the complaint does not set forth a viable claim for relief." Opp. MLTP at 5 (citing Irwin v. Mascott, 94 F. Supp. 2d 1052, 1057-58 (N.D. Cal. 2000) ("It makes no sense to permit such a potentially prejudicial expansion of the case at the expense of Plaintiffs, if the third-party plaintiffs do not have a valid theory of relief against the third-party defendants.")).  Plaintiff further argues that "[a]llowing Forever Resorts to implead on behalf of Dr. Kormylo's traveling partners and friends, when his liability cannot be established, would accomplish nothing other than harassing Neeley, and, indirectly, plaintiff." Opp. MLTP at 5-6.

The court concludes that Forever Resorts should be granted leave to file a third-party complaint.  The third party would not complicate issues at trial or cause undue delay because a similar third-party complaint has already been filed against the same third-party defendant by the other defendant, Kenneth Williams, along

3

with his answer on August 2, 2013. The case was filed a little over six months ago and discovery has not yet commenced, rendering the request timely in context. A separate action concerning Neeley's liability to Forever Resorts alone would be repetitive and waste the court's valuable resources.

The court finds Plaintiffs' arguments concerning secondary or derivative liability unpersuasive as "[i]mpleader is commonly used for claims against a third party for indemnification, subrogation, breach of warranty, or contribution among joint tortfeasors." Teruya v. Shaw, 2012 U.S. Dist. LEXIS 112853, at *12 (D. Haw. 2012). Indeed, "[t]he crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff." Stewart v. Am. Int'l Oil & Gas Co., 845 F.2d 196, 200 (9th Cir. 1988). In addition, the cases cited by Plaintiffs were instances in which no third-party complaint had been previously filed and are therefore distinguishable from the matter at hand.

Finally, the court finds that Plaintiffs' arguments concerning the validity of the claim are better addressed in a fully briefed motion to dismiss.

## IV. CONCLUSION

The court grants Forever Resorts' motion for leave to file a third-party complaint without prejudice to further challenge the complaint should circumstances warrant.

**IT IS SO ORDERED.**

DATED: September 13, 2013

_____
Jeffrey T. Miller
United States District Judge

4