# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS KORMYLO, M.D.; KIMBERLY KORMYLO; BRYCE KORMYLO, by and through his guardian ad litem KIMBERLY KORMYLO,<br><br>Plaintiff,<br><br>vs.<br><br>FOREVER RESORTS, LLC doing business as CALVILLE BAY RESORT & MARINA; KENNETH WILLIAMS, AND DOES 1-50,<br><br>Defendants. | CASE NO. 13-cv-0511 JM (WVG)<br><br>ORDER GRANTING MOTION FOR LEAVE TO FILE A THIRD-PARTY COMPLAINT |

On June 30, 2014, Defendants Forever Resorts, LLC and Kenneth Williams (collectively, "Defendants") filed a motion for leave to file a third-party complaint. (Dkt. No. 44). The third-party complaint seeks equitable indemnity, comparative indemnity, and declaratory relief apportioning liability against the Boy Scouts of America, Boy Scouts of America, San Diego-Imperial Council (collectively "BSA"), and the adult leaders of Boy Scouts of America Team 719, including but not limited to Robin Maxfield Jackman, William Dale, Robert Jafek, James Michael Ledakis, Eric Jonathan Sanford, Robert Shumway, and David Taylor ("Adult Leaders of BSA Team 719") (collectively, "Proposed Third-Party Defendants"). On July 21, 2014, Plaintiffs filed an opposition to Defendants' motion, (Dkt. No. 45), and Defendants filed their

reply on July 28, 2014, (Dkt. No. 46). Having reviewed the parties' briefing, the court finds this matter suitable for resolution on the papers without oral argument pursuant to Civil Local Rule 7.1.d.1. For the reasons set forth below, Defendants' motion for leave to file a third-party complaint is GRANTED.

## LEGAL STANDARD

Federal Rule Civil Procedure ("Rule") 14 provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). "The decision whether to implead a third party defendant is within the sound discretion of the district court." <u>Southwest Administrators, Inc. V. Rozay's Transfer</u>, 791 F.2d 769, 777 (9th Cir. 1986). Courts consider the following factors when ruling on a motion for leave to file a third-party complaint: (a) prejudice to the original plaintiff; (b) complication of issues at trial; (c) likelihood of trial delay; and (d) timeliness of the motion to implead. <u>See</u> <u>Irwin v. Mascott</u>, 94 F. Supp. 2d 1052, 1056 (N.D. Cal. 2000).

## DISCUSSION

Plaintiffs' original complaint alleges Kenneth Williams, an employee of Forever Resorts, LLC, injured Nicholas Kormylo by hitting him with a boat while the Kormylos were enjoying a father-son outing on Lake Mead. The complaint further alleges that the father-son outing was sponsored by the San Diego chapters of the Boy Scouts and the Mormon Church. Defendants seek leave to file a third-party complaint in order to implead the Proposed Third-Party Defendants for the purpose of assigning liability with respect to the incident on Lake Mead. In opposition to Defendants' request, Plaintiffs argue Defendants have unreasonably delayed bringing the Proposed Third-Party Defendants into this action. Plaintiffs contend Defendants should have been aware of the Boy Scouts' potential liability regarding the incident from the initial filing of Plaintiffs' complaint and have unreasonably delayed bringing them into this action. Because of this delay, Plaintiffs argue Defendants' motion must be denied because it does not satisfy Rule 14(a).

First, Plaintiffs contend prejudice to the original plaintiff is established because timely resolution of Nicholas Kormylo's claim is essential to his and his family's well-being following his loss of income and ongoing health issues. Plaintiffs suggest that Defendants' attempt to file a third party complaint at this juncture "appears intended to intentionally delay and complicate the matter as it currently exists." As an initial matter, the court notes Plaintiffs have not proffered any evidence suggesting Defendants have an improper motive for filing their motion. Additionally, while Plaintiffs understandably desire the most expedient resolution of their claims possible, it is also important for Defendants to have a reasonable opportunity to present the best defense available. At this stage in the litigation, any prejudice to Plaintiffs is not so great as to weigh heavily against granting Defendants the opportunity to implead the Proposed Third-Party Defendants.

Second, Plaintiffs argue Defendants' third party complaint will complicate the issues at trial. Plaintiffs' initial complaint alleges Defendants violated Inland Navigational Rules to establish negligence per se. For this reason, Plaintiffs argue it is irrelevant whether Boy Scout guidelines were followed in setting up the outing on Lake Mead. However, Defendants point out that Plaintiffs' complaint also alleges the scout trip was approved and authorized by the BSA; a "safe swim zone" was created, and Defendants were negligent in entering and not recognizing the "safe swim zone." The proposed third-party complaint is based on the same set of operative facts, alleging that the Proposed Third-Party Defendants were negligent in setting up the "safe swim zone," failed to follow BSA safety procedures, including Safe Swim Defense and Safety Afloat, failed to conduct a safety meeting, and that BSA was negligent in approving and authorizing the Tour and Activities Plan for Team 719's trip to Lake Mead. Defendants contend these are the same issues that Defendants would raise in response to Plaintiffs' complaint with or without the third-party complaint. Under the circumstances and given the parties' respective allegations, the court concludes Defendants' third-party complaint will not unreasonably complicate the issues at trial.

Most of the facts and legal issues contained in the proposed third-party complaint relate directly to Plaintiffs' original claims. It does not appear likely that any additional issues raised by the third-party complaint would be so tangential as to unnecessarily complicate issues at trial.

Third, Plaintiffs contend the proposed third-party complaint will complicate all aspects of the discovery process and increase the time needed to conduct discovery; the newly introduced parties will need time to answer, file motions, and conduct discovery, further delaying and complicating the current proceedings; and the third-party complaint will require the court to consider numerous legal and factual complications in addition to calculating the percentages of liability. In response, Defendants again point out that the issues of fact and law remain essentially the same. The only additional issues pertain to contribution and indemnity. The court finds Defendants' argument persuasive. Here again, there may be a slight delay of trial as the Proposed Third-Parties will likely require some additional time while entering into this litigation. However, the court does not anticipate a significant delay given the early stage of the litigation and the substantial overlap in the factual and legal issues underlying both Plaintiffs' complaint and the proposed third party complaint. From the perspective of judicial economy and litigation expense for the parties, a reasonable delay of trial in this case is ultimately more efficient than relegating such similar factual and legal issues to a separate lawsuit.

Lastly, Plaintiffs argue that Defendants' motion is not timely as it has been 16 months since the initial complaint was filed and limited discovery has now been conducted. Significantly, the case management conference order regulating discovery and other pretrial proceedings provides that "any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed on or before June 30, 2014." (Dkt. No. 42 at 2 (emphasis in original)). Furthermore, Plaintiffs actually agreed to this date as reflected in the parties' proposed joint scheduling plan submitted to the court. (Dkt. No. 40 at 2). Therefore, the court rejects Plaintiffs' characterization of

1 Defendants' motion as untimely. Defendants filed their motion for leave to file a third
2 party complaint on June 30, 2014, in accordance with the case management order
3 adopting the parties' proposed joint scheduling plan. More than any other, this factor
4 weighs in favor of granting Defendants' request to file a third-party complaint.

## CONCLUSION

The court grants Defendants' motion for leave to file a third party complaint without prejudice to further challenge of the complaint should circumstances warrant. Defendants shall file the third party complaint within 10 days of this order.

IT IS SO ORDERED.

DATED: August 5, 2014

_____
Hon. Jeffrey T. Miller
United States District Judge