UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS KORMYLO, M.D., et al., <br><br> Plaintiffs, <br><br> v. <br><br> FOREVER RESORTS, LLC, et al., <br><br> Defendants. | Civil No. 13-CV-0511-JM (WVG) <br><br> AMENDED ORDER AFTER TELEPHONIC DISCOVERY CONFERENCE |

On August 15, 2014, this Court held a telephonic Discovery Conference with counsel for all parties. Mr. Robert Francavilla and Ms. Angela Jae participated on behalf of Plaintiffs, Dr. Nicholas Kormylo, Kimberly Kormylo, and Bruce Kormylo (collectively "Plaintiffs"). Ms. Chelsea Yuan participated on behalf of Defendants Forever Resorts, LLC and Kenneth Williams (collectively "Defendants"), and Mr. Douglas Guy participated on behalf of Third Party Defendant Scott Neeley.

On June 13, 2014, Defendants filed a Motion for Leave to File a Third Party Complaint. (Doc. No. 44.) On August 5, 2014, the Honorable Jeffrey T. Miller, United States District Judge, granted Defendants' Motion. (Doc. No. 50.) On August 13, 2014, Defendants filed a Third Party Complaint against the Boy Scouts of America and a number of individuals (collectively "Boy Scouts of America"). (Doc. No. 51.) The

1  Boy Scouts of America have not been served, nor have they answered the Third Party
2  Complaint, and accordingly, did not participate in the Discovery Conference held on
3  August 15, 2014.
4      The purpose of the Discovery Conference was to discuss, among other things,
5  whether a planned inspection of the vessels involved in the accident, which is the
6  subject of this lawsuit, should occur as planned on August 19, 2014.  Defendants
7  requested that the inspection be delayed or continued until after the Boy Scouts of
8  America have entered the lawsuit and can participate in the inspection.  Plaintiff and
9  Third Party Defendant Neeley objected to any delay of the inspection on several
10 grounds, most notably that extensive coordination of experts has occurred, some with
11 non-refundable airline tickets.  Also, as was previously discussed and agreed to, the
12 parties have agreed to exchange any and all data obtained as a result of the inspection,
13 and this data can be shared with the Boy Scouts of America.
14     The Court hereby DENIES Defendants' request to delay the inspection.  The
15 inspection of the houseboats and chase boat shall proceed as previously planned.
16     Further, Plaintiffs made two requests.  First, Plaintiffs requested that the
17 houseboat in question, from which Plaintiff Dr. Kormylo purportedly dove, be moved
18 from its current location at Defendants' dock, to a nearby cove where the houseboat
19 would be beached.  Plaintiffs explain that it is necessary to have the houseboat in a
20 stationary position, which can only be accomplished by beaching it, so that their experts
21 can take accurate and precise measurements by use of a scanning device.  Defendants
22 objected, stating that one of the houseboats in question has been removed from the
23 water and is sitting stationary in parking lot. The other houseboat, from which Plaintiff
24 Dr. Kormylo allegedly jumped, is tied up securely at the dock.
25 //
26 //
27 //
28 //

Plaintiffs' request is therefore DENIED. In addition to being able to take the measurements that they need, either from the houseboat in the parking lot, or the houseboat that is securely tied to the dock, each boat should have published specifications and diagrams which can be used by Plaintiffs' experts to obtain accurate measurements.

The second request made by Plaintiffs was to allow someone, presumably Plaintiff Dr. Kormylo, to jump off of the houseboat in question while being filmed, in an effort to "recreate" his activities before the accident. The purpose of the filming, from the vantage point of where the chase boat may have been, is to determine that someone in the chase boat should have easily seen Plaintiff Dr. Kormylo jump off of the houseboat. Defendants object for reasons which were previously discussed. Defendants' objection is SUSTAINED. Plaintiffs are not permitted to film Plaintiff Dr. Kormylo, or anyone else, jumping from the back of the houseboat.

Additionally, Plaintiffs raised an anticipatory objection that Defendants may conduct their own independent inspection, separate and apart from the joint inspection that is scheduled to occur on or about August 19, 2014. Plaintiffs anticipate that any independent inspection made by Defendants will not be shared. Whether or not Defendants choose to perform tests independent of the joint testing or inspection that will occur on or about August 19, 2014, is entirely within their prerogative, and any data obtained from that inspection, separate and apart from the joint inspection, need not be disclosed or released until expert discovery.

//
//
//
//
//
//
//

During the Discovery Conference, the parties brought several issues to the Court's attention that were prematurely raised and wholly unnecessary. The parties are reminded that they are to meet and confer whenever issues arise, to have a good faith discussion about those issues, and only bring the unresolved issues to the Court's attention. Judge Gallo's Chambers Rule IV(A).

IT IS SO ORDERED.

DATED: August 18, 2014

Hon. William V. Gallo
U.S. Magistrate Judge