# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS KORMYLO, M.D.; KIMBERLY KORMYLO; and BRYCE KORMYLO, by and through his guardian ad litem KIMBERLY KORMYLO,<br><br>Plaintiffs,<br>v.<br>FOREVER RESORTS, LLC, dba CALVILLE BAY RESORT & MARINA; and KENNETH WILLIAMS,<br><br>Defendants. | CASE NO. 13cv511 JM (WVG)<br><br>ORDER APPOINTING GUARDIAN AD LITEM FOR THIRD-PARTY DEFENDANT TAYLOR HETHERINGTON |
| FOREVER RESORTS, LLC, dba CALVILLE BAY RESORT & MARINA; and KENNETH WILLIAMS,<br><br>Third-Party Plaintiffs,<br>v.<br>SCOTT PETERSON NEELY,<br><br>Third-Party Defendant. | |

| | |
|---|---|
| 1<br>2<br>3 | FOREVER RESORTS, LLC,<br>dba CALVILLE BAY RESORT<br>& MARINA; and KENNETH<br>WILLIAMS, |
| 4 | Third-Party Plaintiffs,<br>v. |
| 5<br>6<br>7<br>8<br>9<br>10 | BOY SCOUTS OF AMERICA;<br>BOY SCOUTS OF AMERICA<br>SAN DIEGO-IMPERIAL COUNCIL;<br>MARK ALLEN; WILLIAM DALE;<br>KELLY GARTON; TAYLOR<br>HETHERINGTON; ROBERT<br>JAFEK; JAMES MICHAEL<br>LEDAKIS; ROGER MCCLOSKEY;<br>ERIC JONATHAN SANFORD;<br>ROBERT SHUMWAY; DAVID<br>TAYLOR; and CHRIS WADDELL, |
| 11 | Third-Party Defendants. |

On August 25, 2014, Forever Resorts, LLC, and Kenneth Williams filed a first amended third-party complaint against various third-party defendants, including Taylor Hetherington. (Doc. No. 58.) On October 10, 2014, Thomas Max Hetherington II filed an ex parte application to be appointed as Taylor Hetherington's guardian ad litem. (Doc. No. 87.) The attached declaration states that Thomas is Taylor's father and that Taylor was born on May 27, 1986. Taylor is, therefore, 28 years old. The declaration states, however, that Taylor "was born with severe brain damage resulting in serious developmental disabilities severely affecting, among many things, his ability to communicate and interact with others," and that Taylor "has only the mental capacity of a teenager." (Doc. No. 87-1 at 2–3.) The application states further that "Taylor has no legal or general guardian." (Doc. No. 87 at 2.) The application is unopposed.

Pursuant to Federal Rule of Civil Procedure 17(c)(2), "[a] minor or incompetent person who does not have a duly appointed representative may sue . . . by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is

1  unrepresented in an action." The court has an obligation to consider whether
2  such a person is adequately protected and "broad discretion" whether to appoint a
3  guardian. United States v. 30.64 Acres of Land, 795 F.2d 796, 805 (9th Cir. 1986).
4       Having reviewed the application, including the declaration of Thomas Max
5  Hetherington II, the court finds based on the uncontroverted evidence that Third-
6  Party Defendant Taylor Hetherington is incompetent to act on his own behalf in
7  this action. As such, Third-Party Defendant Taylor Hetherington lacks capacity
8  to be sued in the absence of the guardianship ordered herein.
9       Good cause appearing therefor, Thomas Max Hetherington II is appointed
10 guardian ad litem for Taylor Hetherington.
11      IT IS SO ORDERED.

DATED: November 4, 2014

_____
Hon. Jeffrey T. Miller
United States District Judge