1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| NICHOLAS KORMYLO, M.D.; KIMBERLY KORMYLO; and BRYCE KORMYLO, by and through his guardian ad litem KIMBERLY KORMYLO,<br><br>                Plaintiffs,<br><br>v.<br><br>FOREVER RESORTS, LLC, dba CALVILLE BAY RESORT & MARINA; and KENNETH WILLIAMS,<br><br>                Defendants. | Case No.: 13cv511 JM(WVG)<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED AND CONSOLIDATED THIRD-PARTY COMPLAINT BY THIRD-PARTY PLAINTIFFS FOREVER RESORTS AND WILLIAMS** |
|---|---|
| FOREVER RESORTS, LLC, dba CALVILLE BAY RESORT & MARINA; and KENNETH WILLIAMS,<br><br>                Third-Party Plaintiffs,<br><br>v.<br><br>SCOTT PETERSON NEELEY,<br><br>                Third-Party Defendant. | |

| | |
|---|---|
| 1 | FOREVER RESORTS, LLC, |
| 2 | dba CALVILLE BAY RESORT & MARINA; and KENNETH |
| 3 | WILLIAMS, |
| 4 | |
| 5 | Third-Party Plaintiffs, v. |
| 6 | |
| 7 | BOY SCOUTS OF AMERICA; BOY SCOUTS OF AMERICA |
| 8 | SAN DIEGO-IMPERIAL COUNCIL; MARK ALLEN; ROBERT JAFEK; |
| 9 | JAMES MICHAEL LEDAKIS; ROGER |
| 10 | MCCLOSKEY; ERIC JONATHAN SANFORD; ROBERT SHUMWAY; |
| 11 | DAVID TAYLOR; and CHRIS WADDELL, |
| 12 | |
| 13 | Third-Party Defendants. |

Defendants/Third-Party Plaintiffs Forever Resorts, LLC and Kenneth Williams (collectively "Forever Resorts") filed a Motion for Leave to File Amended and Consolidated Complaint ("Motion") on August 25, 2015, seeking to amend and consolidate the three third-party complaints against Scott Peterson Neeley ("Neeley"), the Boy Scouts of America ("BSA") and the Boy Scouts of America San Diego-Imperial Council ("BSA-SD") (collectively "the Boy Scouts"), and Mark Allen, Robert Jafek, James Michael Ledakis, Roger McCloskey, Eric Jonathan Sanford, Robert Shumway, and David Taylor (collectively, "the adult leaders"). On September 14, 2015, the Boy Scouts, Neeley, and Plaintiffs Nicholas Kormylo ("Kormylo"), Kimberly Kormylo, and Bryce Kormylo (collectively, "Plaintiffs") filed their oppositions to Forever Resorts' motion (Doc. Nos. 137, 139 & 140), and the adult leaders filed a joinder to Boy Scout's opposition. (Doc. No. 138). On September 21, 2015, Forever Resorts filed its reply in support of the motion. (Doc. No. 142). Pursuant to Local Rule 7.1(d)(1), the court finds

the matters presented appropriate for resolution without oral argument. For the reasons set forth below, the court grants Forever Resorts' motion.

# BACKGROUND[1]

## Case History

On March 5, 2013, Plaintiffs filed the initial complaint in this case. (Doc. No. 1). According to the complaint, Kormylo and his son, Bryce, were on a Boy Scout outing at Lake Mead, Nevada in July 2012, when Kormylo was run over and severely injured by the propeller of a power boat driven by Kenneth Williams, who was an employee of Forever Resorts, LLC. (Id. ¶¶ 10–47). At the time of the accident, the complaint alleges, Kormylo was swimming in a triangular safe-swim zone he created by anchoring his boat about 50 yards away from two houseboats that were secured to the shore. (Id. ¶¶ 23–24, 31–34). The triangle formed by the boats was intended "to provide notice to others that the area within the triangle was a designated swimming area." (Id. ¶ 24). Plaintiffs assert claims for (1) negligence and vicarious liability; (2) negligent entrustment; (3) negligent hiring, supervision, instruction, and training; (4) loss of consortium; and (5) negligent infliction of emotional distress. (Id. ¶¶ 48–90). Plaintiffs allege that this court has diversity jurisdiction, as they are California residents, Williams is a Nevada resident, Forever Resorts, LLC is an Arizona corporation, and the amount in controversy exceeds $75,000. (Id. ¶¶ 2–7).

On August 2, 2013, Williams filed a third-party complaint against Neeley, alleging that it was Neeley, rather than Williams, who ran over Kormylo. (Doc. No. 14-15). Williams's complaint against Neeley asserts claims for (1) equitable indemnity, (2) comparative indemnity, and (3) declaratory judgment apportioning liability to Neeley. (Id. ¶¶ 11–19). On September 16, 2013, Forever Resorts, LLC filed a separate third-party complaint against Neeley, asserting the same claims and allegations Williams asserted against Neeley. (Doc. No. 27).

---

[1] The facts in this section are drawn from relevant complaints and, at this stage, are taken as true to the extent that they are well pleaded.

**History of the Relevant Third-Party Litigation**

On August 13, 2014, Williams and Forever Resorts filed another third-party complaint, this time against BSA and BSA-SD, as well as against Mark Allen, William Dale, Kelly Garton, Taylor Hetherington, Robert Jafek, James Ledakis, Roger McCloskey, Eric Sanford, Robert Shumway, David Taylor, and Chris Waddell, who were alleged to be the adult leaders of Boy Scouts of America Team 719 ("Team 719"), the unit that organized the trip. (Doc. No. 51).

On August 25, 2014, Williams and Forever Resorts filed a first amended third-party complaint, correcting the name of one of the alleged adult leaders. (Doc. No. 58). The amended complaint asserted claims for (1) equitable indemnity; (2) comparative indemnity; and (3) declaratory judgment apportioning liability to the Boy Scouts and the adult leaders of Team 719.

On September 19, 2014, the Boy Scouts moved to dismiss the claims against them for failure to state a claim, and, separately, moved to strike the attorney-fee allegations from the complaint. (Doc. Nos. 77 & 78).

On October 8, 2014, Mark Allen and Chris Waddell moved to be dismissed from the case for lack of personal jurisdiction. (Doc. No. 89). On October 24, 2014, Forever Resorts sought leave to amend the first amended third-party complaint to add a claim for contractual indemnity against David Taylor and James Michael Ledakis. (Doc. No. 92). On November 5, 2014, the court denied, without prejudice, Forever Resorts' motion for leave to file a second amended third-party complaint. (Doc. No. 95). At the time, three motions were pending regarding the first amended third-party complaint, and the proposed amendment was unrelated to the pending motions.

On January 6, 2015, the court ruled on the motions challenging the first amended third-party complaint. (Doc. No. 102). The court granted the Boy Scouts' motion to dismiss the claims against them, but also granted Forever Resorts leave to amend the relevant allegations. (Id. at 6–14). The court denied the motion to dismiss Mark Allen for lack of personal jurisdiction, as he had only recently moved out of state, but granted

the motion as to Chris Waddell, as he was a resident of Peru and was not present on the day of the accident. (Id. at 14–24).

On January 20, 2015, Forever Resorts filed the second amended third-party complaint, asserting claims for (1) comparative indemnity against BSA, BSA-SD, and the adult leaders; (2) contractual indemnity against Robert Jafek, James Ledakis, Eric Sanford, and David Taylor; and (3) declaratory judgment apportioning liability to BSA, BSA-SD, and the adult leaders. (Doc. No. 107).

On February 3, 2015, the Boy Scouts and the adult leaders separately moved to dismiss the claims against them. (Doc. No. 112 & 113). On April 28, 2015, the court denied the motion to dismiss the comparative indemnity and declaratory judgment claims premised on BSA and BSA-SD's vicarious liability, but granted the motion, without leave to amend, to the extent that they were premised on BSA and BSA-SD's direct negligence. (Doc. No. 121). With respect to the claims against the adult leaders, the court denied the motion to dismiss the comparative indemnity and declaratory judgment claims against Mark Allen, William Dale, Kelly Garton, Taylor Hetherington, Robert Jafek, James Ledakis, Roger McCloskey, Eric Sanford, Robert Shumway, and David Taylor, but granted the contractual indemnity claim without leave to amend. (Doc. No. 121). On May 12, 2015, the Boy Scouts and the adult leaders filed their answers to Forever Resorts' second amended third-party complaint. (Doc. Nos. 123 & 124).

On July 6, 2015, third-party litigants filed joint motions to dismiss Taylor Hetherington, William Dale, and Kelly Garton without prejudice. (Doc. Nos. 128 & 128-1). The court granted the motions on July 8, 2015. (Doc. No. 129).

**Instant Motion**

In this motion, Forever Resorts seeks leave to amend and consolidate the three third-party complaints against Neeley, the Boy Scouts, and the adult leaders. As set forth in its proposed consolidated third-party complaint (Motion, Exh. 1), Forever Resorts seeks to amend the scope of its agency claims by including the following allegations: (1) the adult leaders were approved registered adults with the Boy Scouts; (2) David

5

1  Taylor, Neeley, Mark Allen, and Roger McCloskey were approved unit leaders for BSA
2  Varsity Team 719; and (3) Neeley was acting as an agent for the Boy Scouts during his
3  operation of the boat.  Motion, p. 1.
4        Forever Resorts submits leave to amend and consolidate is warranted because of
5  newly acquired and previously unavailable information regarding the scope of the agency
6  relationship between the adult leaders, Neeley, and the Boy Scouts and further contends
7  that granting leave will not prejudice any of the parties, as the "substantive allegations
8  remain the same."  Forever Resorts does not seek to reopen discovery or extend the May
9  23, 2016 trial date.  Motion, pp. 5, 8; Reply, p. 9.
10        The Boy Scouts, joined by the adult leaders, oppose the motion, arguing that
11  Forever Resorts is attempting to add an entirely new and different theory of liability –
12  Boy Scouts' potential vicarious liability for the manner in which Neeley operated his boat
13  – after both the cutoff date for the amendment of pleadings and the discovery deadline.[2]
14  Boy Scout's Opposition, p. 9.  Allowing Forever Resorts to add a new claim so late in the
15  case, they argue, will prejudice the Boy Scouts, the adult leaders, as well as the Plaintiffs
16  by forcing them to reopen fact discovery and extend the May 23, 2016 trial date.  Id. at
17  10.  Plaintiffs similarly argue that the prejudice from granting the leave to amend would
18  be substantial to Dr. Kormylo, who was "catastrophically injured," lost his income and
19  quality of life, is battling cancer, currently in remission, and has a strong interest in the
20  timely resolution of his claim.  Plaintiffs' Opposition, p. 7.

## DISCUSSION

22        Generally, courts may grant leave to amend whenever "justice so requires."
23  Fed. R. Civ. P. 15(a)(2).  Prior to the cutoff date for the amendment of pleadings, requests

---

[2] In the April 16, 2014 Case Management Conference Order Regulating Discovery and Other Pretrial Proceedings (Doc. No. 42), the court set June 30, 2014 as the cutoff date for the amendment of pleadings.  Although the court has subsequently issued amended scheduling orders in this case, no new cutoff date for the amendment of pleadings has been set.  As for the discovery deadline, fact discovery concluded on September 18, 2015, pursuant to the court's June 1, 2015 Case Management Conference Order Regulating Discovery and Other Pretrial Proceedings.  (Doc. No. 127).

for leave to amend should be granted with "extreme liberality." <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 972 (9th Cir. 2009). Courts consider factors such as undue delay, prejudice to the opposing party, bad faith, and futility of amendment in determining whether to grant leave to amend. <u>See</u> <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962). When a party seeks to amend a pleading after the cutoff date, however, the liberal standard of Rule 15 no longer governs. <u>See</u> <u>Johnson v. Mammoth Recreations</u>, 975 F.2d 604, 607–08 (9th Cir. 1992). Instead, the moving party must satisfy the "good cause" requirement of Rule 16(b)(4), which provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

"Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)(4)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." <u>Johnson</u>, 975 F.2d at 609. Only after the moving party has demonstrated diligence under Rule 16(b)(4) does the court apply the Rule 15 standard to determine whether the amendment is proper. <u>Id.</u> at 608.

**<u>Rule 16(b)(4) "Good Cause" Standard</u>**

Here, Forever Resorts seeks leave to amend and consolidate after the amendment cutoff date, triggering the "good cause" analysis of Rule 16(b)(4). Forever Resorts argues that it meets the "diligence" showing of Rule 16, citing to a number of district court cases, which hold that evidence obtained during discovery constitutes "good cause" for granting leave to amend after the deadline. <u>See</u> <u>Academy of Country Music v. ACM Records, Inc.</u>, 2014 WL 2586859, *3 (C.D. Cal. June 10, 2014); <u>Hood v. Hartford Life & Acc. Ins. Co.</u>, 567 F. Supp. 2d 1221, 1225 (E.D. Cal. 2008).

Forever Resorts contends that while it has been in possession of information regarding the adult leaders and Neeley's status as scout volunteers for over a year, it only learned of the scope of their agency relationship after engaging in voluminous discovery,

which took place after the amendment cutoff date. Namely, Forever Resorts states that it only obtained the relevant information underlying the agency relationship through the following documents: (1) the Fed. R. Civ. P. 30(b)(6) deposition transcript of BSA-SD, taken on July 21, 2015; (2) the deposition transcript of the former BSA-SD scout executive Terry Trout, taken on July 28, 2015; (3) documents produced by BSA-SD on July 17, 2015 and August 10, 2015; and (4) Neeley's supplemental responses to Forever Resorts' request for production of documents on July 27, 2015. Through these documents, Forever Resorts recognized the need to "clarify the allegation of agency relationship between the adult leaders and Boy Scouts" (Motion, p. 5), and learned that the Boy Scouts had "the right to control a much broader spectrum of registered activities, including Neeley's operation of a vessel during the trip" (Reply, p. 6).

The Boy Scouts counter, arguing that Forever Resorts became aware of Neeley's status as a scout volunteer as early as June 23, 2014, through a roster produced by the Boy Scouts, which listed Neeley as an adult scout volunteer. Boy Scouts' Opposition, p. 4. Forever Resorts' knowledge of this, the Boy Scouts argue, "clearly shows that Forever Resorts had notice of [the] potential agency claim [between Neeley and the Boy Scouts] for over a year." Id. at p. 5. Therefore, Boy Scouts argue, Forever Resorts' failure to act on this information sooner constitutes carelessness, which is the opposite of the "diligence" showing required by the Rule 16(b)(4) "good cause" standard.[3] Id.

The court finds that Forever Resorts has satisfied the "good cause" requirement of Rule 16(b)(4). While the Boy Scout's point regarding Forever Resorts' early knowledge of Neeley's status as a scout volunteer is well-taken, the court finds that Forever Resorts acted diligently, on the whole, in consistently investigating the agency relationship between Neeley and the Boy Scouts through extensive discovery, and seeking to amend the complaint once it discovered facts supporting the agency claim. As represented by Forever Resorts, it only learned of the Boy Scout's right to control Neeley's operation of

---

[3] The adult leaders, Neeley, and the Plaintiffs raise substantially the same arguments regarding Forever Resort's inability to satisfy the Rule 16(b)(4) "good cause" standard in their joinder and oppositions.

a vessel through the discovery conducted in the summer of 2015, after which it promptly but unsuccessfully sought to reach a stipulation with the third-party defendants for an amendment. While Forever Resorts was on notice of a potential agency relationship between Neeley and the Boy Scouts, the court does not conclude that Forever Resorts was careless in not including this agency allegation it is original third-party complaint. Thus, the court finds that Forever Resorts has satisfied the "good cause" standard of Rule 16(b)(4), and proceeds to the Rule 15 analysis.

**Rule 15 Standard**

Once the court finds that the moving party has satisfied the "good cause" requirement of Rule 16(b)(4), the court must apply the Rule 15 standard to determine whether the amendment is proper. Johnson, 975 F.2d at 608. The factors to be considered include undue delay, prejudice to the opposing party, bad faith, and futility of amendment. See Foman, 371 U.S. at 182. In Foman, the Supreme Court held that the Court of Appeals erred in affirming the district court's refusal to grant the plaintiff leave to amend, when it dismissed his claim on the ground that it was barred by the statute of frauds. Id. Foman appears to be particularly apt here as the plaintiff therein proffered an "amendment [that] would have done no more than state an alternate theory of recovery." See id. For the reasons stated below, the court finds that granting leave to amend and consolidate in this case is appropriate, as it will not result in undue delay or prejudice to the opposing side.[4]

   **1. Undue Delay**

While undue delay alone is generally not enough to support a denial of a motion for leave to amend, it is one of the factors considered by courts in determining whether the amendment is proper. Foman, 371 U.S. at 182. "[L]ate amendments to assert new theories are not reviewed favorably when the facts and theory have been known to the
///

---

[4] No party has raised bad faith or futility of amendment in opposition to Forever Resorts' motion.

party seeking the amendment since the inception of the cause of action." Acri v. Int'l Ass'n of Machinists & Aerospace Workers, 781 F.2d 1393, 1398 (9th Cir. 1986).

The Boy Scouts' "undue delay" argument is very similar to their lack of "good cause" argument. They argue that undue delay has occurred in this case because Forever Resorts has failed to act on the relevant information regarding Neeley's status as a scout volunteer for at least a year. Boy Scouts' Opposition, p. 7. Neeley raises the same argument, adding that Forever Resorts has provided "no relevant, viable explanation for why they seek to amend the complaint over two years after they commenced the action."[5] Neeley's Opposition, p. 14.

As already discussed, Forever Resorts obtained pertinent facts leading to the formulation of an agency theory between Neeley and the Boy Scouts in the summer of 2015. In its reply, Forever Resorts explains that it was not allowed to conduct discovery prior to the amendment cutoff date, and therefore, in its second amended third-party complaint, it focused on the Boy Scouts' "rules, regulations, and requirements during the trip, as the basis for its vicarious liability allegations." Reply, p. 5. Once it was allowed to conduct discovery, Forever Resorts diligently addressed the issue and obtained information regarding Boy Scouts' scope of control over its member activities. Thus, the court is not persuaded by the Boy Scouts' argument that "the facts and theory" of an agency relationship between the Boy Scouts and Neeley were known to Forever Resorts "since the inception of the cause of action." See Acri, 781 F.2d at 1398. While Forever Resorts could have been more proactive in obtaining relevant information and formulating all potential theories as early in this litigation as possible, it does not appear that any delay has been significant, especially in light of the lack of prejudice to the other parties involved, as discussed below.

///

///

---

[5] The Plaintiffs' argument is substantially the same.

**2. Prejudice**

Late-added claims which alter the nature of the litigation or require the opposing side to develop a new course of defense weigh against granting leave to amend, since doing so results in prejudice to the other parties involved. See Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).

a. Prejudice to the Boy Scouts

The Boy Scouts argue that his factor clearly weighs against granting Forever Resorts leave to amend and consolidate at this juncture of the case. First, the Boy Scouts argue that the theory that Neeley was an agent of the Boy Scouts is entirely new, since the only claims for agency liability alleged in Forever Resorts' second amended third-party complaint are for the actions of the adult leaders, which specifically excluded Neeley. Opposition, p. 9. Second, since the agency liability based on the adult leaders' alleged failure to follow safety procedures is distinct from the potential liability for Neeley's operation of the boat, Boy Scouts would be prejudiced if Forever Resorts was granted leave to amend at this point in litigation. Id. The Boy Scouts contend that Forever Resorts' proposed amendment would require reopening fact discovery, re-deposing witnesses, and extending the May 23, 2016 trial date. Id. at 9-10. Finally, the Boy Scouts argue that this court has previously denied Forever Resorts' request to amend the pleadings, and should therefore do the same here. Id. at 10.

The court finds that the amendment at issue will not prejudice the Boy Scouts for the following reasons. First, even though the theory that Neeley was an agent of the Boy Scouts has not been previously alleged, the underlying theory of the case and the Boy Scouts' defense remain the same – the adult leaders, and now Neeley, were not their agents. Second, the amendment will not result in surprise or hardship for the Boy Scouts, since it has the knowledge and is in possession of information relating to its own rules, polices, procedures, and regulations pertinent to the question of whether an agency relationship existed between Neeley and the Boy Scouts. Third, while the Boy Scouts argue that granting the leave to amend would require reopening fact discovery, and

therefore, extending the trial date, they do not identify what new information, if any, would be necessary for the Boy Scouts' new defense strategy. It certainly cannot be denied that Neeley's conduct and role in this case have been discovered beyond the beyond. In other words, all parties are girded for battle on Neeley's involvement. Finally, the court's prior denial of Forever Resorts' motion for leave to amend on procedural grounds is not dispositive of the current motion.[6] Therefore, the court finds that the amendment will not prejudice the Boy Scouts.[7]

      a. Prejudice to Neeley

Neeley similarly argues that granting leave to amend would result in prejudice to him, and requests that in the event the court grants the motion, it should extend the discovery deadline and the trial date by six months to allow Neeley time to revise his litigation strategy and properly defend against the two new causes of actions asserted by Forever Resorts.[8] Neeley's Opposition, p. 13-5. Neeley also requests that the court order Forever Resorts to pay any costs incurred as a result of the delay caused by their amendment. Id.

The court finds that Neeley will not be prejudiced by this amendment. As correctly pointed out by Forever Resorts, the amendment adds no new claims against Neeley. The allegations against Neeley are unchanged and are based solely on a negligent operation of a boat. The proposed consolidated third-party complaint clearly distinguishes the claim against Neeley from the claims against the adult leaders. Paragraph 17 specifically excludes Neeley by defining the "Adult Leaders of BSA Team

---

[6] On November 5, 2014, the court denied, without prejudice, Forever Resorts' motion for leave to file a second amended third-party complaint. (Doc. No. 95). At the time, three motions were pending regarding the first amended third-party complaint, and the proposed amendment was unrelated to the pending motions. The court subsequently granted Forever Resorts leave to amend on January 6, 2015. (Doc. No. 102).

[7] The adult leaders' joinder did not identify what potential prejudice would result to the adult leaders specifically. Even so, the court finds that the amendment will not result in prejudice to the adult leaders, given that the proposed consolidated third-party complaint adds no new claims against them, but simply develops the previously alleged agency theory.

[8] Neeley does not specify what the two new causes of action are.

719" as "Third-Party Defendants Mark Allen, Robert Jafek, James Michael Ledakis, Roger McCloskey, Eric Jonathan Sanford, Robert Shumway, [and] David Taylor." (Doc. No. 132-1). The consolidated third-party complaint also separates the allegations against the adult leaders and Neeley: the claims regarding the adult leaders' duties and breach are provided in paragraphs 35 and 36, while the claims regarding Neeley's duties and breach are provided in paragraphs 37 and 38. Id. Because there are no additional claims asserted against Neeley, the court fails to see Neeley's need to conduct additional discovery or revise its defense strategy. Therefore, the court finds that the amendment sought by Forever Resorts will not prejudice Neeley.

      b. Prejudice to the Plaintiffs

Finally, Plaintiffs also argue, in very broad terms, that granting leave to amend will prejudice Kormylo, given his health condition and his strong interest in the timely resolution of his claim. Plaintiffs' Opposition, p. 3. Based on the discussion above, the court finds that granting leave to amend will not prejudice Kormylo because the amendment will not result in the extension of the May 23, 2016 trial date. Given that the only new claim added by the amendment is Neeley's claimed status as an agent of the Boy Scouts, a claim that the Boy Scouts should already be prepared to meet, any additional discovery will be minimal and will not affect the trial date.

Thus, the court finds that the amendment will result in no prejudice to Kormylo.

## CONCLUSION

The court grants Forever Resorts' motion for leave to file the proffered amended and consolidated third-party complaint (Doc. No. 132). Third-party defendants shall have 15 days to amend from the date of filling of this order. The court instructs the parties to schedule a conference before Magistrate Judge William V. Gallo for the sole purpose of fashioning an abbreviated schedule for any limited discovery on the question of agency. Finally, the court denies Neeley's current request for a six-month extension of

///

///

1 the discovery deadline and the May 23, 2016 trial date, as well as his request for fees
2 incurred as a result of this amendment.
3     IT IS SO ORDERED.
4 DATED: October 13, 2015
5                                       JEFFREY T. MILLER
6                                       United States District Judge